RALPH A. BICKNELL, Respondent, *v.* THE LANCASTER CITY
AND COUNTY FIRE INSURANCE COMPANY, Appellant.

One purchasing property in his own name, for the benefit of another, has
the legal title as against every one save such other and his creditors
and, as the owner, can insure the property. The fact that he has so
purchased is no defence to the policy, as the insurer does not stand in
the position of a creditor and cannot question the title.

(Argued October 2, 1874; decided October 6, 1874.)

THIS action was upon a policy of fire insurance, by which
plaintiff was insured "on his planer, matcher, shingle and
stave and spout machine, edger, butting saw and belting, con-
tained in two-story frame water-power saw and planing-mill,
held by him under contract of purchase from George Parish."
(Reported below, 1 N. Y. S. C. [T. & C.], 215.)

The defence was that plaintiff falsely and fraudulently
represented that he held the property by contract of purchase
from George Parish, when in fact he had no title or insura-
ble interest therein, and that he had not stated his interest in
the policy, as required thereby.

It appeared that in January, 1868, George Parish, being
then the owner of the mill, entered into a contract with
Thompson & Judd, by which the former agreed to sell to the
latter the mill property, and to convey upon payment and per-

formance of the conditions of the contract by the latter. There was a clause in the contract that all tools, implements and machinery put in said mill should become part of the freehold, and a condition that, if Thompson & Judd failed to pay as provided, Parish might, at his option, declare the contract forfeited. Thompson & Judd went into possession. They bought the machinery in question, and put it in the mill. Upon this they executed to plaintiff various chattel mortgages. In January, 1870, plaintiff purchased Thompson & Judd's interest in the contract and property at a receiver's sale, and went into possession, and was in possession at the time of the insurance. It was claimed by defendant that, as there was no agreement on the part of Thompson & Judd, in the contract, to purchase and pay for the premises, no consideration appeared for the agreement on the part of Parish, and, therefore, the contract was void under the statute of frauds, and conveyed no interest. *Held*, that, conceding the contract gave no interest in the real estate, it did not appear that the property insured had become so affixed as to form part thereof, and that the evidence tended to show plaintiff was the owner and had an insurable interest therein; that whether the contract was void or not, it was under it plaintiff held the premises described in the policy, as therein stated, and in reliance upon the contract as operative. But, *held*, that the agreement contained in the contract, that Parish should have title to the machinery, was a consideration for the agreement on his part to sell and to convey on payment, and made the contract valid under the statute.

Upon the trial, defendant offered to prove that plaintiff, although he bid off the property at the receiver's sale in his own name, in fact bought it for Thompson & Judd. This testimony was rejected. *Held*, no error; that by the sale and conveyance, if plaintiff did so purchase, he had the legal title as against the whole world, save, perhaps, Thompson & Judd and their creditors, and, as the owner of the legal title, he could insure. Nor was the evidence proper to show false representations, as the alleged false representations, *i. e.*, that he held the property under the Parish contract, were not false, as above shown; and even if Thompson & Judd or other credi-

tors had an equitable interest, it was still true that plaintiff held under the contract, and the evidence was therefore immaterial.

*Daniel Magone, Jr.*, for the appellant.

*B. H. Vary* for the respondent.

FOLGER, J., reads for affirmance.
All concur.
Judgment affirmed.